**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 2 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BENITO JEROME BOWIE,

      Plaintiff-Appellant,

v.

OKLAHOMA COUNTY BOARD
OF COUNTY COMMISSIONERS;
OKLAHOMA COUNTY DETENTION
CENTER; OKLAHOMA COUNTY
JAIL; SHIRLEY DARRELL and
HARRY CURRIE, Oklahoma County
Commissioners,

      Defendants-Appellees.

No. 00-6300
(D.C. No. CIV-00-88-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **ANDERSON** , and **KELLY** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Benito Jerome Bowie, an Oklahoma state inmate proceeding pro se, appeals the district court's order adopting the recommendation of a magistrate judge to enter summary judgment in favor of defendants.[1] We affirm.

Mr. Bowie filed this civil rights action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was denied access to a law library during the time he was detained at the Oklahoma County Detention Center from January 30, 1996 to January 6, 1998.  He also claims defendants engaged in a conspiracy to deprive him of his constitutional rights.  He has abandoned on appeal his claims relating to the conditions of his confinement at the jail.  The parties are familiar with the underlying facts.  Therefore, we do not repeat them.

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v.

---

[1]     The case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).

<u>Catrett</u>, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). Because plaintiff is representing himself, his pleadings will be liberally construed. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. Applying the standards set out above, we affirm the judgment for substantially the same reasons stated in the magistrate judge's July 25, 2000 report and recommendation and the district court's August 17, 2000 order adopting the recommendation.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

<div style="margin-left:50%">

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

</div>